RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  08 / 12 / 05
BY  JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOCELYN BALLARD                                CIVIL ACTION NO. 04-1927
o/b/o her minor child, A.B.N.

VERSUS                                         JUDGE DRELL

COMMISSIONER OF SOCIAL SECURITY                MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Jocelyn Ballard ("Ballard"), on behalf of her minor daughter, A.B.N., seeks judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claim for social security benefits. The issue to be decided is whether substantial evidence in the record supports the finding of the Administrative Law Judge ("ALJ") that A.B.N. was not disabled. Also before the court for report and recommendation is Ballard's Motion to Remand (Doc. #14), as referred by the district judge.

A.B.N. was born in 1988 and is considered a child under the age of eighteen, pursuant to 20 C.F.R. § 416.924(a). A.B.N. was in ninth grade at the time of her administrative hearing. (Tr. 24.) Ballard initially filed an application for Supplemental Security Income ("SSI") benefits on behalf of A.B.N. on April 16, 1991, and Disability Determination Services ("DDS") awarded benefits effective April 1, 1991. On June 16, 1997, DDS determined that A.B.N.'s disability ceased and benefits were terminated on August 31, 1997. (Tr. 34.) Ballard requested a hearing, which was held in December 1999. After being advised of their right to representation, Ballard opted to proceed without an attorney. (Tr. 34.) On May 22, 2000, an ALJ issued a decision finding that A.B.N. was no longer disabled as her myopia was no longer severe following a surgical procedure. (Tr. 34-39.)

On March 11, 2002, Ballard, on behalf of her daughter A.B.N., again applied for SSI benefits,

alleging that A.B.N. was disabled due to depression and myopia. (Tr. 12, 64.) That application was denied, and a Request for Hearing was timely filed. (Tr. 46). Ballard waived her right to be represented at the hearing, which was held on February 19, 2004. (Tr. 22, 57.) Ballard and A.B.N. both appeared and testified at the hearing. The Administrative Law Judge ("ALJ") rendered a decision unfavorable to A.B.N. on April 22, 2004. (Tr. 12-18.) The Appeals Council denied Ballard's request for review on July 14, 2004, and the ALJ's decision became the final decision of the Commissioner.

To qualify for SSI benefits, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. 1381(a). Eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. 1382(a). An individual under the age of 18 shall be considered disabled if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. 1382c.

## Issues

1. Whether the claimant validly waived her right to counsel;

2. Whether the ALJ failed to fully and fairly develop the record;

3. Whether the ALJ erred by failing to obtain medical expert testimony at trial; and

4. Whether the case should be remanded.

## Pertinent Facts

A.B.N.'s prior SSI benefits were terminated on May 22, 2000, and that decision was not appealed. Therefore, in the current matter, A.B.N.'s alleged onset date of disability was

administratively determined as May 23, 2000.

The record contains mental health records for A.B.N. from Avoyelles Mental Health Clinic from March 2000 through December 2003. Initially, A.B.N. reported that she was depressed, that she was not getting along with her mother, and that her mother was depressed also. (Tr. 104.) A.B.N. began taking a low dose of Paxil for depression and reported on April 11, 2000, that she was feeling better and was getting along better with her mother, who was also taking antidepressants. (Tr. 103, 119.) A.B.N. reported that she was able to concentrate better. On June 2, 2000, A.B.N. was doing much better since moving in with her father. (Tr. 102.) A.B.N.'s grades had been raised to all C's, and she passed the sixth grade. (Tr. 102.) She was off of the antidepressants and was sleeping and eating well. She reported no depression. (Tr. 102, 119.) In June and July 2000, A.B.N. was still doing well, appeared very happy, and had no reports or signs of depression. (Tr. 101.) At an August 2000 visit, A.B.N. stated that she had not been depressed or anxious in quite a while. (Tr. 100.)

In November 2002, A.B.N. began taking Paxil again, although she denied being depressed. (Tr. 119, 126.) In February 2003, it was noted that A.B.N. needed better socialization skills and more interaction with peers. In November 2003, Ballard reported that A.B.N.'s behavior had not changed and they were still fighting. (Tr. 126.) In December 2003, Ballard claimed that A.B.N. was depressed. (Tr. 122.) In January, A.B.N. stated that she was feeling better, her mood had improved, and her school performance was better. (Tr. 121.)

On December 18, 2001, A.B.N. reported to the emergency room complaining of right knee pain. (Tr. 108.) There was no redness or swelling. A.B.N. was diagnosed with a knee sprain. (Tr. 108.)

An April 25, 2002, report from Dr. Frank Sanchez indicated that A.B.N. had myopia, or nearsightedness, in both eyes. (Tr. 109.) She had undergone bilateral medial rectus recession in September 1992. A.B.N.'s best corrected visual acuity was 20/80 in the right eye and 20/25 in the left eye. (Tr. 109.) An ocular health examination was normal in both eyes. Dr. Sanchez opined that A.B.N. was not legally blind or disabled, but may have some difficulty with tasks that require precise binocular vision. (Tr. 109.)

Medical reports dated July 9, 2003, indicate that A.B.N.'s corrected vision was 20/70 in the right eye and 20/25 in the left eye. In January, 2004, A.B.N.'s vision was unchanged. (Tr. 133-137.)

Issue No. 1:   Whether the claimant validly waived her right to counsel

A claimant has a statutory right to counsel at a Social Security hearing. Clark v. Schweiker, 652 F.2d 399 (5th Cir. 1981). A claimant is entitled to adequate notice of her right to counsel at a hearing before an ALJ. Castillo v. Barnhart, 325 F.3d 550, 552 (5th Cir. 2003)(the four written notices claimant received, along with the ALJ's reminder to claimant at the hearing of her right to counsel, sufficiently informed her of her right to an attorney).

Generally, without adequate notice, a claimant cannot be held to have validly waived his right to counsel. However, a claimant who does not validly waive his right to counsel must prove that he was prejudiced thereby in order to merit reversal of the ALJ's decision. Brock v. Cater, 84 F.3d 726, 728 (5th Cir. 1996), citing Kane v. Heckler, 731 F.2d 1216, 1220 (5th 1984).

In the instant case, the ALJ noted in his decision:

> "The mother and child presented testimony at the hearing. The mother was advised of her right to representation but voluntarily waived that right and proceeded with the hearing. (Exhibit B-5-B)." (Tr. 12.)

At the hearing, the ALJ specifically pointed out to Ballard that she had a right to be represented by

4

a lawyer and asked Ballard if she would like to have a lawyer present.

"ALJ: Ms. Normand, I wrote you a letter - - Ms. Ballard, excuse me - - that told you that you could have a lawyer present.

WTN: Yes, sir.

ALJ: And there's not one here. Do you want time to get a lawyer?

WTN: No, sir." (Tr. 22-23.)

Furthermore, the record indicates that, on July 12, 2002, a written notice was sent to Ballard advising her of the initial denial of benefits for A.B.N. (Tr. 42-45.) In that notice, it was explained that Ballard could "have a friend, lawyer or someone help you. There are groups that can help you find a lawyer or give you free legal services if you qualify." (Tr. 44.) Then, on September 13, 2002, Ballard completed a Request for Hearing form that indicated, "You have a right to be represented at the hearing." (Tr. 46.) Then, a letter was sent to A.B.N. and Ballard on September 17, 2002, advising of their right to representation at the hearing. (Tr. 49-50.) The letter indicated that enclosed was a leaflet entitled "Social Security and Your Right to Representation" as well was a list of groups that could help Ballard and A.B.N. find a representative. (Tr. 50.) On January 27, 2004, a Notice of Hearing was mailed to Ballard and A.B.N. Finally, Ballard signed a waiver of representation on February 19, 2004, acknowledging that she understood her right to representation and that she had previously received a list of organizations that could help her locate an attorney. (Tr. 57.)

Ballard relies on Tanner v. Secretary of HHS, 932 F.2d 1110 (5th Cir. 1991) in support of her argument that the waiver of counsel was neither intelligent nor informed. She also complains that no list of organizations is attached to the waiver of representation in the record. First, the waiver of representation form, signed by Ballard, acknowledges that she had *previously* received a list of

5

organizations prior to her receipt of the Notice of Hearing, which was sent on January 27, 2004. (Tr. 51-54, 57.) As stated above, the list of organizations was mailed with a leaflet and correspondence in September 2002. Furthermore, the Tanner case does not address the issue of informed waiver of representation. Rather, in that case, following an administrative hearing, and without notice to the claimant, the ALJ sought and received a report from a vocational expert who indicated that the applicant was capable of filling a number of local job positions. The ALJ incorporated the report into the record and his ruling. The claimant argued that she was denied the opportunity to cross-examine the expert and was thus deprived due process. Id. The instant matter is quite different from the facts of Tanner.

Based on the foregoing, Ballard had sufficient notice of her right to representation, which she waived in writing and verbally at the hearing.[1] Ballard's waiver was valid. Furthermore, as noted above, a claimant who does not validly waive his right to counsel must prove that he was prejudiced thereby in order to merit reversal of the ALJ's decision. Brock v. Cater, 84 F.3d 726, 728 (5th Cir. 1996), citing Kane v. Heckler, 731 F.2d 1216, 1220 (5th 1984). Ballard points to no evidence that would have been adduced and that could have changed the result of the hearing had she been represented by counsel. Therefore, Ballard failed to establish prejudice due to the absence of counsel at the hearing.

Issue No. 2:   Whether the ALJ failed to fully and fairly develop the record

A decision of an ALJ will not be reversed for failure to fully and fairly develop the record

---

[1] The Court also notes that Ballard had been through an administrative hearing with A.B.N. before and had received all of the relevant paperwork and advisories regarding right to counsel on at least one other prior occasion. (Tr. 23, 34.)

6

absent a showing by the claimant that she was prejudiced by the ALJ's failure. See Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000). Ballard argues that the ALJ failed to fully and fairly develop the record because of the short length of the hearing. However, Ballard cites no law or regulation that requires that a hearing be a certain length. This case involves very limited medical/psychological treatment and no complex illnesses, so it is not surprising that the hearing did not take long.

As the Commissioner points out in his memorandum, the ALJ asked specific questions to Ballard and A.B.N., including whether A.B.N. was in regular or special classes (regular), what kinds of grades A.B.N. made (Cs, Ds, and Fs), what medications A.B.N. was taking (Paxil), whether A.B.N. was depressed, and how A.B.N. and her mother got along. (Tr. 24-26.) The ALJ questioned A.B.N. regarding her vision and mental condition. Furthermore, Ballard has not shown any prejudice suffered from the ALJ's alleged failure.

Ballard also argues that the ALJ erred by failing to obtain a consultative examination. However, the claimant has the burden of proof in establishing a disability. It is within the discretion of the ALJ whether or not to order a consultative examination. 20 C.F.R. §416.927(c)(3). An examination at government expense is not required unless the record establishes that such an examination is necessary to enable the ALJ to make the disability decision. Anderson v. Bowen, 887 F.2d 630, 634 (5th Cir. 1989). Also, Brock v. Chater, 84 F.3d 726 (5th Cir. 1996); Wren v. Sullivan, 925 F.2d 123, 127 (5th Cir. 1991); Haywood v. Sullivan, 888 F.2d 1463, 1472 (5th Cir. 1989).

The medical records in this case establish that A.B.N.'s vision was stable. Dr. Sanchez opined that A.B.N.'s vision did not render her disabled, as it was 20/80 in the right eye and 20/25 in the left eye. (Tr. 109.) Accordingly, A.B.N. did not meet the requirements of Listing 102.02A,

7

as she did not have remaining vision in the better eye after best correction of 20/200 or less. 20 C.F.R. pt. 404, subpt. P, Appendix 1, §102.02A. There was sufficient evidence in the record for the ALJ to conclude that A.B.N. did not meet or medically equal the listing. Additionally, substantial evidence supports the ALJ's finding that A.B.N. did not meet or medically equal a listed impairment due to depression. The evidence, discussed herein, does not establish any "marked" limitations due to a mental disorder.

Issue No. 3:   Whether the ALJ erred by failing to obtain medical expert testimony at trial

Ballard argues that the ALJ erred in failing to call a medical expert to testify at trial. As noted above, however, the claimant has the burden of proof in establishing a disability. It is within the discretion of the ALJ whether or not to request medical expert testimony. 20 C.F.R. §416.927(f)(2)(iii). Additionally, the Fifth Circuit has held that an ALJ is not required to consult a medical expert and whether to do so is within his discretion. See Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989).

Ballard points to no evidence that, had the ALJ called a medical expert to testify, would have been adduced at the hearing and that could have changed the result of the proceeding. See Glover v. Barnhart, 81 Fed. Appx. 513 (5th Cir. 2003) (unpublished opinion). Because Ballard failed to show that she was prejudiced by the ALJ's failure to solicit the testimony of a medical expert at the administrative hearing, her argument that the ALJ abused his discretion is without merit.

Issue No. 4:   Whether the case should be remanded.

Finally, Ballard filed a Motion to Remand seeking to have the case remanded to the Commissioner due to new evidence, specifically, a psychological evaluation performed on June 14,

2005. (Doc. #14.) The report did not exist at the time of the Commissioner's decision on April 22, 2004. To justify a remand under sentence six of 42 U.S.C. § 405(g), the evidence must be "new" and "material," and there must be a showing of "good cause" for failing to provide the evidence at the original proceedings. According to the U.S. Supreme Court, a sentence six remand may be ordered in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the complaint, or where new, material evidence is adduced that was, for a good cause, not presented before the agency. See Shalala v. Shaefer, 509 U.S. 292 at 297 (1993), citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 2163-64 (1991).

Here, there is "new" evidence in the form of a 2005 psychological evaluation. However, to meet the "materiality" requirement of §405(g), the new evidence must relate to the time period for which benefits were denied, and must not concern a later-acquired disability or subsequent deterioration of a previously non-disabling condition. See Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994); Bradley v. Bowen, 809 F.2d 1054, 1058 (5th Cir. 1987). The 2005 psychological report was prepared after the ALJ's decision and does not purport to relate back to the time period for which benefits were denied, March 11, 2002, through April 22, 2004. Ballard has failed to establish that this new evidence is material, nor has she shown "good cause" why such evidence was not presented at the administrative level. If Ballard believes this new evidence shows that A.B.N. is now disabled, she should file a new claim for disability.[2]

---

[2] The Court notes that the new evaluation indicates that A.B.N. advised that she had a history of "hearing voices." Such a complaint was never raised in her treatment sessions at the Avoyelles Mental Health Clinic from 2000 through 2003. Further, the evaluation notes that A.B.N.'s MMPI-II profile must be interpreted with caution and may be invalid.

## Conclusion

Therefore, for the reasons set forth herein, I find that there is substantial evidence in the record to support the Commissioner's decision, and that the decision is consistent with relevant legal standards. Based on the foregoing discussion, IT IS RECOMMENDED that Ballard's appeal be DENIED AND DISMISSED WITH PREJUDICE, and that Ballard's Motion to Remand be DENIED.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of August, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE